Judge Roane
pronounced the following opinion of this Court.
The Court is unwilling, without necessity and on full argument on both sides, and deliberation, to decide a most important question made and occurring in this case; namely, whether the omission of the testator to describe the trust negroes hy name, or hy any other description than that of being on a certain tract of land, is such a circumstance of negligence or omission, as would, in favour of creditors, subject the said negroes to their claims. On the one hand, it would be easy, (as negroes have names,) to describe them by those names; thus affording a better criterion for the government of creditors than the one before us: it is also clear, that a description of this kind is well calculated to enable a fraudulent done# to cover more property than is actually conveyed under the description. On the other hand, it is questionable, whether a description which is entirely competent to convey the property to the donees, and is very usual, should be held incompetent so far as it respects creditors, on account of its tendency to let in frauds. The question is not without difficulty, and in its consequences, may be *250 very important. We leave it' therefore open for future discussion and decision, when it shall hereafter occur.
In the case before us, the issue directed by the Chancellor, and actually tried, seems restricted, to the fact whether the slave Jenny was one of those on the plantation mentioned in the Will of Edward Carter; and, being thus restricted, the opinion of the Judge who tried that issue, and which rejected evidence tending to shew that John C. Carter had acquired a property in the slave by means Of a five years possession, was not erroneous. That enquiry was not submitted to the Jury by the issue. But, that fact being put in issue by the answers', and it being at least doubtful on the evidence; we are of opinion that the issue should have been extended to embrace that enquiry also; and, that there is error in the decree in not having made such extension; it being extremely clear that, if such possession did exist in John C. Carter for five years before his fathers death, it vested the property in him, as to his creditors.
The Court is also of opinion, that, admitting the power of the Court of Chancery to change the plaintiffs in this suit, for the purpose of making them competent witnesses, upon the terms stated in the proceedings, the Injunction bond, previously given in this case, should not have been decreed to be given up and cancelled, and another substituted in it’s room, without notice duly given to the appellants of such intended substitution; in order that they might, if they pleased, shew cause against it; 'and that, for want of such notice, the said bond was irregularly ordered to be cancelled. The decree is therefore to be reversed, and the cause remanded, that the proceedings may he reformed in these particulars, and the cause proceeded in, to a final decree-